# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hormel Foods, LLC, and Hormel Foods International Corporation, | Court File No.: 11-cv-00774 (DSD/SER) |
| Plaintiffs, | |
| vs. | **ANSWER WITH COUNTERCLAIM OF DEFENDANT ZWANENBERG FOOD GROUP (USA), INC.** |
| Zwanenberg Food Group (USA), Inc., | |
| Defendant. | |

Defendant Zwanenberg Food Group (USA), Inc. ("Zwanenberg" or "Defendant"), by and through its counsel, Morrison Cohen LLP and Leonard, Street and Deinard, respectfully answers the complaint of Plaintiffs Hormel Foods, LLC and Hormel Foods International Corporation (together, "Hormel Foods" or "Plaintiffs") filed on or about March 30, 2011 (the "Complaint"), as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Admits the allegations of paragraph 3 of the Complaint.

4. Neither admits nor denies the allegations of paragraph 4 of the Complaint, except admits that Plaintiffs purport to bring an action as described in this paragraph.

5. Denies the allegations of paragraph 5 of the Complaint.

6. Neither admits nor denies the allegations of paragraph 6 of the Complaint, except admits that Plaintiffs purport to invoke jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), § 1338(b), § 1332(a) and/or § 1367(a).

7. Neither admits nor denies the allegations of paragraph 7 of the Complaint, except admits that Plaintiffs purport to invoke venue pursuant to 28 U.S.C. § 1391(b) and (c).

8. Denies the allegations of paragraph 8 of the Complaint, except admits that Zwanenberg has sold products in Minnesota and has agreed to personal jurisdiction under the parties' Custom Manufacturing Agreement.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, except admits according to records of the United States Patent & Trademark Office that Hormel filed such a trademark application.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, except admits that certain yellow and blue colors appear in certain Hormel promotional materials.

14. Denies the allegations of paragraph 14 of the Complaint, except admits, upon information and belief, that Hormel Foods purports to use a trade dress on certain of its products as depicted in this paragraph.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Denies the allegations of paragraph 16 of the Complaint.

17. Denies the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Denies the allegations of paragraph 21 of the Complaint, except admits that Zwanenberg was aware that Hormel Foods sometimes utilized yellow lettering on a blue background.

22. Denies the allegations of paragraph 22 of the Complaint, except admits that in approximately October 2010, Zwanenberg manufactured certain products utilizing a trade dress as depicted in paragraph 22 of the Complaint.

23. Denies the allegations of paragraph 23 of the Complaint, except admits that on or about October 11, 2010, Hormel Foods sent a letter to Zwanenberg, and otherwise refers to said letter for the contents set forth therein.

24. Denies the allegations of paragraph 24 of the Complaint, except admits that on or about November 1, 2010, Zwanenberg sent a letter to Hormel Foods, and otherwise refers to said letter for the contents set forth therein.

25. Denies the allegations of paragraph 25 of the Complaint, except admits that Hormel manufactures products bearing the label depicted in this paragraph.

26. Denies the allegations of paragraph 26 of the Complaint, except admits that Zwanenberg manufactured a meat product for a private client for distribution in the Philippines (non-U.S.) market bearing labels identified in paragraph 27.

27. Denies the allegations of paragraph 27 of the Complaint, except admits that certain products manufactured by Zwanenberg bore the labels depicted in paragraph 27.

28. Denies the allegations of paragraph 28 of the Complaint.

29. Denies the allegations of paragraph 29 of the Complaint.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint, except admits that on or about January 25, 2011, Hormel Foods sent an email to Zwanenberg and otherwise refers to the referenced email for its contents.

33. Denies the allegations of paragraph 33 of the Complaint, except admits that Zwanenberg sent an email to Hormel on January 31, 2011, and otherwise refers to the email for its contents.

34. Denies the allegations of paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what Hormel Foods became aware of, and otherwise denies the allegations of paragraph 35 of the Complaint, except admits that Zwanenberg manufactured a meat product for a private client for distribution in the Japanese (non-U.S.) market.

36. Denies the allegations of paragraph 36 of the Complaint, except admits that Hormel Foods sent an email to Zwanenberg on or about March 14, 2011, and otherwise refers to the email for its contents.

37. Denies the allegations of paragraph 37 of the Complaint.

38. Neither admits nor denies the allegations set forth in paragraph 38 of the Complaint.

39. As to paragraph 39, repeats and incorporates each and every response to paragraphs 1-38, as if restated herein.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

45. Denies the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

48. As to paragraph 48, repeats and incorporates each and every response to paragraphs 1-47, as if restated herein.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations of paragraph 51 of the Complaint.

52. Denies the allegations of paragraph 52 of the Complaint.

53. Denies the allegations of paragraph 53 of the Complaint.

54. Denies the allegations of paragraph 54 of the Complaint.

55. Denies the allegations of paragraph 55 of the Complaint, except neither admits nor denies the allegations of paragraph 55 of the Complaint to the extent they set forth a legal proposition to which no response is required.

56. Denies the allegations of paragraph 56 of the Complaint.

57. As to paragraph 57, repeats and incorporates each and every response to paragraphs 1-56, as if restated herein.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60. Denies the allegations of paragraph 60 of the Complaint.

61. Denies the allegations of paragraph 61 of the Complaint.

62. Denies the allegations of paragraph 62 of the Complaint.

63. Denies the allegations of paragraph 63 of the Complaint, except neither admits nor denies the allegations of paragraph 63 of the Complaint to the extent they set forth a legal proposition to which no response is required.

64. Denies the allegations of paragraph 64 of the Complaint, except neither admits nor denies the allegations of paragraph 64 of the Complaint to the extent they set forth a legal proposition to which no response is required.

65. Denies the allegations of paragraph 65 of the Complaint.

66. As to paragraph 66, repeats and incorporates each and every response to paragraphs 1-65, as if restated herein.

67. Denies the allegations of paragraph 67 of the Complaint.

68. Denies the allegations of paragraph 68 of the Complaint, except neither admits nor denies the allegations of paragraph 68 of the Complaint to the extent they set forth a legal proposition to which no response is required.

69. Denies the allegations of paragraph 69 of the Complaint.

70. Denies the allegations of paragraph 70 of the Complaint.

71. Denies the allegations of paragraph 71 of the Complaint.

72. Denies the allegations of paragraph 72 of the Complaint, except neither admits nor denies the allegations of paragraph 72 of the Complaint to the extent they set forth a legal proposition to which no response is required.

73. Denies the allegations of paragraph 73 of the Complaint, except neither admits nor denies the allegations of paragraph 73 of the Complaint to the extent they set forth a legal proposition to which no response is required.

74. Denies the allegations of paragraph 74 of the Complaint.

75. As to paragraph 75, repeats and incorporates each and every response to paragraphs 1-74, as if restated herein.

76. Denies the allegations of paragraph 76 of the Complaint, except neither admits nor denies the allegations of paragraph 76 of the Complaint to the extent they set forth a legal proposition to which no response is required.

77. Denies the allegations of paragraph 77 of the Complaint.

78. Denies the allegations of paragraph 78 of the Complaint.

79. As to paragraph 79, repeats and incorporates each and every response to paragraphs 1-78, as if restated herein.

80. Denies the allegations of paragraph 80 of the Complaint, except neither admits nor denies the allegations of paragraph 80 of the Complaint to the extent they set forth a legal proposition to which no response is required.

81. Denies the allegations of paragraph 81 of the Complaint, except neither admits nor denies the allegations of paragraph 81 of the Complaint to the extent they set forth a legal proposition to which no response is required.

82. Denies the allegations of paragraph 82 of the Complaint.

83. Denies the allegations of paragraph 83 of the Complaint.

84. Denies the allegations of paragraph 84 of the Complaint, except neither admits nor denies the allegations of paragraph 84 of the Complaint to the extent they set forth a legal proposition to which no response is required.

85. As to paragraph 85, repeats and incorporates each and every response to paragraphs 1-84, as if restated herein.

86. Denies the allegations of paragraph 86, except admits that Hormel Foods and Zwanenberg entered into an agreement effective as of August 1, 2008, and refers to such agreement for its contents.

87. Admits the allegations of paragraph 87, except admits that the Custom Manufacturing Agreement contained certain provisions, including under which Zwanenberg agreed to manufacture certain products on behalf of Hormel Foods.

88. Denies the allegations of paragraph 88 of the Complaint, except to admit that the Custom Manufacturing Agreement contained certain provisions, and to refer to that Agreement as to the contents thereof.

89. Denies the allegations of paragraph 89 of the Complaint.

90. Denies the allegations of paragraph 90 of the Complaint.

91. Denies the allegations of paragraph 91 of the Complaint.

92. Denies the allegations of paragraph 92 of the Complaint, except admits that Hormel Foods has made certain demands of Zwanenberg.

93. Denies the allegations of paragraph 93 of the Complaint.

94. Neither admits nor denies the allegations set forth in paragraph 94 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

95. Plaintiffs' claims fail, in whole or in part, to state claims upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

96. Plaintiffs' claims fail because Defendant's trade dress is not likely to cause confusion with Plaintiffs' trade dress.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

97. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' purported trade dress consisting of yellow lettering on a blue background is generic and/or otherwise unprotectable as a matter of law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims are barred, in whole or in part, because Defendant does not control labeling for private label-manufactured products.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own trademark rights in the certain jurisdictions in which they claim infringement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' actual and attempted use of its trademarks and/or trade dress for monopolistic purposes, including but not limited to practices which constitute violations of federal anti-trust laws.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the Agreement and/or because the Agreement lacked adequate consideration.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claims are barred, in whole or in part, because they are in conflict with foreign and international law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred, in whole or in part, by the absence of indispensible and necessary parties.

## COUNTERCLAIM

Defendant and counterclaimant Zwanenberg Food Group (USA), Inc. ("Zwanenberg"), for its counterclaim against plaintiffs and counterdefendants Hormel Foods, LLC and Hormel Foods International Corporation (together, "Hormel Foods"), alleges as follows:

## THE PARTIES

1. Upon information and belief, counterdefendant Hormel Foods, LLC is a limited liability company organized under the laws of the State of Minnesota and having an office and principal place of business at 1 Hormel Place, Austin, Minnesota 55912.

2. Upon information and belief, counterdefendant Hormal Foods International Corporation is a corporation organized under the laws of the State of Delaware and having an office and principal place of business at 1 Hormel Place, Austin, Minnesota 55912.

3. Counterclaimant Zwanenberg is a corporation organized under the laws of the State of Ohio and having an office and place of business at 3640 Muddy Creek Road, Cincinnati, Ohio 45238.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this counterclaim under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and/or 28 U.S.C. § 1367(a).

5. Venue over this counterclaim is appropriate under 28 U.S.C. § 1391(b) and (c).

**FIRST COUNTERCLAIM**
**(Cancellation of Trademark Registration)**

6. Hormel Foods claim to own trademark rights in the SPAM design mark, Reg. No. 3,961,904.

7. Hormel Foods filed an application on October 28, 2010 with the U.S. Patent and Trademark Office ("USPTO") for the mark for use on meat and poultry in Class 29 (U.S. CL. 46). The application was based on prior use in commerce.

8. Hormel Foods' application specifies that the mark consists of the word "SPAM" in yellow letters with a blue background. It further specifies that the colors "blue and yellow is/are claimed as a feature of the mark."

9. The USPTO issued the registration on May 17, 2011.

10. The use of the two colors in the mark is not distinctive and protectable, but rather is generic under the Lanham Act.

11. To the extent that the USPTO relied upon the identified colors in issuing the registration, such decision is unfounded as a matter of law, as generic features cannot form the basis for a protectable trademark registration.

12. To the extent the USPTO relied upon the identified colors in issuing the registration, such decision must be reversed and the registration must be canceled.

13. Hormel Foods cannot claim trademark protection for the generic color scheme.

14. Zwanenberg is entitled to an Order cancelling Hormel Foods' registration for the SPAM design mark, Reg. No. 3,961,904, pursuant to 17 U.S.C. § 1064.

WHEREFORE, defendant and counterclaimant Zwanenberg respectfully requests the Court to enter an Order:

(a) dismissing the Complaint in its entirety with prejudice;

(b) cancelling Plaintiffs' trademark, Reg. No. 3,961,904;

(c) awarding Zwanenberg the costs and disbursements of this action, including attorneys' fees; and

(d) awarding Zwanenberg such other and further relief as the Court deems just and proper.

Dated: August 29, 2011          By:  s/ Ruth Rivard

James G. Bullard (No. 123249)
Ruth Rivard (No. 327591)

LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Fax: (612) 335-1657

#3398142 v3 \016176 \0005

14

8097431v1

> jim.bullard@leonard.com
> ruth.rivard@leonard.com
>
> and
>
> Fred H. Perkins (*pro hac vice pending*)
> Alvin C. Lin (*pro hac vice pending*)
>
> MORRISON COHEN LLP
> 909 Third Avenue
> New York, New York 10022
> Telephone: (212) 753-8600
> Fax: (212) 735-8708
> fhperkins@morrisoncohen.com
> alin@morrisoncohen.com
>
> *Attorneys for Defendant Zwanenberg*
> *Food Group (USA), Inc.*